# Supreme Court of Louisiana

The Opinions handed down on the **25th day of January, 2017**, are as follows:

**PER CURIAM**:

2016-C -1097     LARRY   F.   MITCHELL   v.   STATE   OF   LOUISIANA,   DEPARTMENT   OF
                 TRANSPORTATION AND DEVELOPMENT, ET AL. (Parish of Lincoln)

                 Judge James T. Genovese, assigned as Justice ad hoc, sitting for
                 Knoll, J., for oral argument. He now sits as an elected Justice
                 at the time this opinion is rendered.

                 Accordingly,  we  recall  our  order  of  October  12,  2016,  as
                 improvidently granted, and we deny plaintiff's writ application.

                 WEIMER,  J.,  dissents  from  the  recall  of  the  writ  and
                 assigns reasons.
                 HUGHES, J., dissents for the reasons assigned by Crichton, J.
                 CRICHTON, J., dissents and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2016-C-1097

## LARRY F. MITCHELL

### VERSUS

## STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, ET AL.

### ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF LINCOLN

**PER CURIAM**[*]

We granted plaintiff's application for a writ of certiorari in this case on October 12, 2016. After receiving briefing from the parties, hearing oral arguments, and reviewing the record, we conclude the judgment below does not require the exercise of this Court's supervisory authority. Accordingly, we recall our order of October 12, 2016, as improvidently granted, and we deny plaintiff's writ application.

---

[*] Judge James T. Genovese, assigned as Justice ad hoc, sitting for Knoll, J. for oral argument. He now sits as an elected Justice at the time this opinion is rendered.

# SUPREME COURT OF LOUISIANA

## NO. 2016-C-1097

## LARRY MITCHELL

## VERSUS

## STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, ET AL.

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF ST. LINCOLN*

**WEIMER, J.**, dissenting.

Like Justice Crichton's view, and as a matter of prudent court practice, I disagree with recalling the writ. I have previously explained:

> In the past, I have voted to recall writs, but I have come to the conclusion this is a poor practice. See **State v. Crandell**, 05-1060 (La. 3/10/06), 924 So.2d 122 (Weimer, J., dissenting: "[A]fter having granted the writ, the unique facts and circumstances of this case dictate that we should resolve this matter on the merits."). As a more recent example of my view, see **Davis v. Prescott**, 13-0669 (La. 11/5/13), 130 So.3d 849, 851 (Weimer, J., dissenting: "I respectfully dissent from the majority's decision to recall the writ. Having granted the writ, I would resolve this case on the merits based on the issues and the record before this court.").

**George v. Dugas**, 16-0710, p. 2 n.1 (La. 11/07/16), 203 So.3d 1043, 1043 n.1 (Weimer, J., dissenting).

Regarding the merits, I agree with the appellate court's analysis related to the liability determination. Particularly, I agree that the testimony of the plaintiff's expert was "scientifically underwhelming" (**Mitchell v. State, Dep't of Transp. & Dev.**, 50,432, p. 14 (La.App. 2 Cir. 3/23/16), 193 So.3d 152, 161, reh'g denied (5/12/16), writ granted, 16-1097 (La. 10/12/16)); thus, his testimony lacked credibility. I would affirm the decision of the court of appeal on liability.

Accordingly, I respectfully dissent.

SUPREME COURT OF LOUISIANA

NO. 2016-C-1097

LARRY MITCHELL

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT, ET AL.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
SECOND CIRCUIT, PARISH OF LINCOLN


Hughes, J., dissents for the reasons assigned by Crichton, J.

SUPREME COURT OF LOUISIANA

NO. 2016-C-1097

LARRY MITCHELL

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT, ET AL.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
SECOND CIRCUIT, PARISH OF LINCOLN

**CRICHTON, J., dissents and assigns reasons:**

This Court granted the writ, received briefing from the parties, and heard oral arguments; but now a majority of the Court has voted to recall our order as "improvidently granted." I dissent. "At this juncture the case should be decided on its merits." *McGrail v. Lee*, 2002-1496, p. 1 (La. 4/9/03), 874 So.2d 66 (Calogero, C.J., dissenting from a writ recall).[1] In its place is a recall that reflects poorly on our effort to "ensure adequate consideration of each case and make decisions based on legally relevant factors, thereby affording every litigant the *full benefit of the judicial process*." La. Sup. Ct. General Administrative Rules, § 10, Performance Standard 2.1 (emphasis added).

In this tort suit, a tree on the defendant's property fell and struck the plaintiff's vehicle, and as a result the plaintiff sustained both property damage and personal injury. Approximately one week before the trial date, the defendant—

---

[1] *See also State v. Davis*, 2006-1984, p. 1 (La. 6/29/07), 958 So.2d 1175 (Calogero, C.J., dissenting) ("I dissent from the action of the court in recalling the writ as improvidently granted. The defendant's pro se writ application was granted, the case briefed, and oral arguments made by the defendant pro se and the district attorney. At this juncture, the case should be decided on the merits."); *Yarnell Ice Cream Co. v. Allen*, 2000-1520, p. 1 (La. 1/17/01), 777 So.2d 472, 473 (Calogero, C.J., dissenting) ("Clearly we were not required to exercise our supervisory jurisdiction in this case. We had the discretion to deny the application by this claimant who I must concede is not a most deserving civil claimant. But we did grant the writ to resolve a couple of fairly important legal issues.").

who previously agreed to appear for the jury trial by live audio-video—informed the plaintiff that she would no longer be available. In response, the plaintiff filed a motion to exclude or limit the trial court from admitting the discovery deposition of the defendant. Finding the defendant to be unavailable, the trial court ruled that the deposition was admissible. Although the Court of Appeal disagreed that defendant's showing of unavailability was sufficient, it held that this trial court ruling was harmless error. *Mitchell v. State, Dep't of Transp. & Dev.*, 50,432, p. 20–21 (La. App. 2 Cir. 3/23/16), 193 So.3d 152, 164.

First, I believe that to deprive a party of the ability to cross-examine a party witness—particularly before a jury of his or her peers—can be prejudicial. This strikes me as especially important where the plaintiff's claim requires proving that the defendant "knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect" that caused the plaintiff's injury. *See* La. C.C. art. 2317.1. But regardless of how I ultimately would have analyzed this case for harmless error, the recall means that this issue is no longer before the Court.

Further, the plaintiff alleged that he relied on the defendant's misrepresentations that she would be available. Although deposition testimony is admissible if a witness is unavailable, *see* La. Code Civ. P. art. 1450, a party is not unavailable if there is "no showing in the record to indicate they made any effort, much less a diligent and good faith effort, to obtain his presence at trial." *Driscoll v. Stucker*, 2004-0589, p.24 (La. 1/19/05), 893 So.2d 32, 50 (finding no error in the trial court's exclusion of hearsay testimony); *see also* La. Code Evid. art. 804. Given the allegations of misrepresentations, I question the adequacy of the defendant's showing. But at the very least, whether this was deliberate professional misconduct or a strategically engineered maneuver, we should have addressed what I view as an ill-practice.

2

Although "[t]here exists no rule for determining when a writ, which has been granted, should be recalled," *George v. Dugas*, 2016-0710, p.2, n. 1 (La. 11/7/16), 203 So.3d 1043, 1044 (Weimer & Crichton, JJ., dissenting from a writ recall), I believe recalling a writ should be rare. And it was certainly not justified here. At this juncture, we have unnecessarily lost the opportunity to bring the full benefit of the judicial process to address important legal, ethical, and professionalism issues.